## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| JACKIE CYRUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  3:12-cv-835 |
| vs. | ) | |
| | ) | |
| GC SERVICES L.P., | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, JACKIE CYRUS, by and through her attorney, MITCHEL E. LUXENBURG, and for her Complaint against the Defendant, GC SERVICES L.P., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.      This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

## JURISDICTION AND VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3.      Plaintiff is an individual who was at all relevant times residing in Charlotte, North Carolina.

4.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as she is a natural person allegedly obligated to pay a debt.

5.     At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6.     The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7.     On information and belief, Defendant is a limited partnership of the State of Delaware, which is licensed to do business in North Carolina and which has its principal place of business in Wilmington, Delaware.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8.     Defendant, through its agents, representatives and/or employees, began contacting Plaintiff during or about August or September of 2012 in attempts to collect the aforementioned alleged debt.

9.     Defendant's agents, representatives and/or employees also used threatening and abusive language when speaking with Plaintiff, including:

　　　　　a.     Repeatedly telling Plaintiff she had four hours to come up with the money to pay the alleged debt and calling Plaintiff back exactly four hours later;

2

b.  Pushing Plaintiff to take out a second mortgage on a home she does not own;

c.  Telling Plaintiff she was not willing to work with Defendant despite the fact that Plaintiff has been making monthly payments in an amount she can afford;

d.  Threatening to "clean out" Plaintiff's bank account on a monthly basis, including her Medicare check until the alleged debt was satisfied; and

e.  Threatening to seize Plaintiff's car in satisfaction of the alleged debt.

10.  Defendant did not intend to take the above listed actions at the time the threats were made.

11.  Defendant's agents, representatives and/or employees would often place telephone calls to Plaintiff on a daily basis in attempts to collect the alleged debt.

12.  In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

a.  Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2);

b.  Causing a telephone to ring or engaging Plaintiff in telephone conversation with such frequency as to constitute harassment, in violation of 15 U.S.C. § 1692d(5);

c.  Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

3

d.	Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

e.	Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

f.	Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10); and

g.	By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

13.	As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JACKIE CYRUS, respectfully prays for a judgment against Defendant as follows:

a.	Statutory damages of $1,000.00 for each violation of the FDCPA;

b.	All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.	Any other relief deemed appropriate by this Honorable Court.

4

## COUNT II

(Violation of the North Carolina Prohibited Practices by Collection Agencies

Engaged in the Collection of Debts from Consumers Statute)

14.     Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

15.     In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

a.      Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff, in violation of N.C. Gen. Stat  58-70-100(1);

b.      Causing a telephone to ring or engaging Plaintiff in telephone conversation with such frequency as to constitute harassment, in violation of N.C. Gen. Stat. § 58-70-100(3);

c.      Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of N.C. Gen. Stat. § 58-7-110(7);

d.      Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of N.C. Gen. Stat. § 58-70-95(5) and/or (6);

e.     Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of N.C. Gen. Stat. § 58-70-95(7) and/or (8);

f.     Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of N.C. Gen. Stat. § 58-70-110; and

g.     By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with North Carolina law.

16.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JACKIE CYRUS, respectfully prays for a judgment against Defendant as follows:

a.     Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

b.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.     Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (42021)
Luxenburg & Levin, LLC
Attorney for Plaintiff
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com